This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40311**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRYAN SANDERS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steve J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals convictions of criminal sexual penetration and criminal sexual contact, asserting both that he received ineffective assistance of counsel and that the evidence at trial was insufficient to support his conviction. [BIC 10] With regard to assistance of counsel, we note that Defendant is raising this issue for the first time on appeal, meaning that

> we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{3}** Thus, the question before us in this direct appeal is whether Defendant makes a prima facie case for ineffective assistance of counsel. In order to do so, "a defendant must show error on the part of counsel and prejudice resulting from that error." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105, *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. Such a finding requires that the attorney's conduct fell below that of a reasonably competent attorney. *Id.* If alleged errors by trial counsel can be justified as possible trial strategy or tactics, however, this Court will not find ineffective assistance. *Roybal*, 2002-NMSC-027, ¶ 21. And, generally speaking, decisions regarding what evidence to present at trial fall within the category of trial strategy.

**{4}** As a result, when a defendant raises a claim of ineffective assistance for the first time on appeal, the record below will rarely contain all of the facts necessary to assess trial counsel's competence. In this case, Defendant asserts that he was represented by a succession of attorneys and that his trial counsel ultimately abandoned plans to present testimony from an expert witness at trial. [BIC 8-9] Facts establishing whether trial counsel's decision was based upon reasonable trial strategy do not appear in Defendant's brief. Of course, facts bearing directly upon trial counsel's strategic decisions or communications between counsel and client will not generally appear in the record. This is why it is so unusual for the record to provide "a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel," and such claims are most commonly addressed by way of a writ of habeas corpus. *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776. This appears to be a case in which Defendant's assertions of ineffective assistance of counsel would best be addressed by way of habeas proceedings in which evidence relevant to that issue may be received.

**{5}** Defendant has not established a prima facie case of ineffective assistance of counsel in this appeal. If Defendant believes he can demonstrate ineffectiveness if given the opportunity to present evidence at a hearing, he remains free to do so pursuant to Rule 5-802 NMRA. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over

remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

**{6}** With regard to Defendant's challenge to the sufficiency of the State's evidence, this Court's role is to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). On appeal, we view the evidence in the light most favorable to the State, and indulge all reasonable inferences in favor of the verdict. *See id.* We will "not weigh the evidence or substitute our judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *Id.* (alterations, internal quotation marks, and citation omitted).

**{7}** Turning to the evidence apparently relied upon by the jury in this case, Defendant asserts that although there was testimony from a forensic interviewer and law enforcement, the only witnesses with first-hand knowledge of the assault at issue were Defendant and the alleged victim. [BIC 1-2] Defendant does not assert that any particular element of any of his convictions was unproven by the State; instead, Defendant is merely making a generalized assertion that the evidence was insufficient to support findings of guilt beyond a reasonable doubt. [BIC 9]

**{8}** This Court, however, is in no position to assess the credibility of the witnesses at trial or to second-guess the judgment of the jury that saw the testimony of those witnesses. *Id.* Further, because it is the sole province of the jury to weigh the evidence and "[c]redibility is not determined by the number of witnesses," it is well established that the testimony of even one witness is sufficient to support a conviction. *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779. As it appears there was evidence to support the verdicts in this case and Defendant's brief suggests no more than a generalized belief that the evidence was insufficient, we conclude that a jury could rationally determine that Defendant committed the offenses of which he was convicted.

**{9}** Based on the foregoing, we affirm the judgment and sentence of the district court.

**{10}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**